WILLIAM N. CURTIS, PLAINTIFF AND APPELLEE, v. MAYOR AND ALDERMEN OF JERSEY CITY, DEFENDANT, AND APPELLANT.

Argued November 8, 1911—Decided March 28, 1912.

A judgment against a city for compensation for work done in an amount not exceeding the existing appropriation for the purpose will not be reversed on appeal merely because other parties have "filed claims with the city" for like services, which other claims have not been paid, even though the amount of the judgment, plus the amount of the other claims if valid and paid, would exceed the appropriation.

On appeal from the District Court of the city of Hoboken.

Before Justices TRENCHARD, MINTURN and KALISCH.

For the appellant, *Thomas G. Haight.*

For the appellee, *Harold A. Everitt.*

The opinion of the court was delivered by

TRENCHARD, J. The plaintiff below sued the mayor and aldermen of Jersey City to recover $85 for services rendered

in moving certain records, &c., of the Second District Court of Jersey City from No. 586 Newark avenue to No. 662 Newark avenue, Jersey City.

The trial judge, sitting without a jury, gave judgment for the plaintiff for $75.

It is contended by the defendant on this appeal that the judgment should be reversed because it is said that the city's appropriation for the removal of these District Court records has been exceeded.

But the state of the case does not show any such state of affairs, and, of course, we look only at the state of the case. From such inspection it appears, and it is undisputed, that the plaintiff was employed to do the work in question by the duly-authorized committee of the defendant city; that the city at that time had an appropriation available for the purpose of $100, and that the plaintiff performed the services, which, under the terms of the employment, were of the value of $75.

The fact, which appears from the state of the case, that other claims amounting to $208.10 had been "filed with the city" by other parties for like services, "which other claims have not as yet been paid," fails to show that in fact the city had exceeded the appropriation, and constitutes no reason for a reversal of the present judgment.

The judgment under review will be affirmed, with costs.